IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

YVONNE JOE GOODE, and
CHARLES MARVIN GOODE,

      Plaintiff,

  v.

RUTH HALDERMAN, and
DELORIS MEDEIROS,

      Defendants.

Case No. 3:11-cv-01461-BR

ORDER TO DISMISS

BROWN, Judge.

    Plaintiffs brings this civil action *pro se*. Pursuant to an order entered by the court this date, Plaintiff Charles Marvin Goode was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, the Complaint is dismissed.

## BACKGROUND

    Plaintiffs allege they agreed with Defendants to move into a mobile home trailer owned by Defendants and to make repairs to the trailer.[1] They allege the parties agreed the cost of repairs would

---

[1] The Court notes the Complaint, while purportedly brought by both Yvonne Joe and Charles Marvin Goode, was signed only by Charles Marvin Goode. The parties are advised that a *pro se*

1 - ORDER TO DISMISS -

be deducted from the monthly rent. Plaintiffs allege the property was illegally sub-leased to them by Defendants, that it was uninhabitable, and that Defendants refused to abide by the agreement to credit the cost of repairs against the monthly rent. By way of remedy, Plaintiffs seek money damages in the amount of $1,260.

## STANDARDS

Where a plaintiff is granted leave to proceed *in forma pauperis*, the court shall dismiss the case at any time if the court determines that:

  (B)  the action . . .

   (i)  is frivolous or malicious;

   (ii) fails to state a claim on which relief may be granted; or

   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

---

Plaintiff may not bring an action on behalf of another; instead, both *pro se* Plaintiffs must sign every pleading or other document submitted to the Court. See Fed. R. Civ. P. 11(a); Storseth v. Spellman, 654 F.2d 1349, 1355 (9th Cir. 1981) (a non-lawyer may not file papers with the court or otherwise represent the rights of a *pro se* litigant).

2 - ORDER TO DISMISS -

In order to state a claim, Plaintiff's complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that Defendants violated Plaintiff's constitutional rights. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

As the Ninth Circuit has instructed however, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 341 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

Before dismissing a pro se civil rights complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A pro se litigant will be given leave to amend his or her complaint unless it is absolutely clear

3 - ORDER TO DISMISS -

that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130-31.

## DISCUSSION

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1995). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the jurisdiction granted by Congress. Richardson v. United States, 943 F.2d 1107, 1112-12 (9th Cir. 1991). Original jurisdiction must be based either on diversity of citizenship, in suits involving more than $75,000 between citizens of different states, 28 U.S.C. § 1332, or on a claim involving the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331.

Diversity jurisdiction requires that all plaintiffs be of different state citizenship than all defendants. Pullman Co. v. Jenkins, 305 U.S. 534, 541 (1939). To establish diversity jurisdiction, Plaintiffs must allege that they are citizens of one state, that all of the Defendants are citizens of other states, and that the damages are more than $75,000. To invoke federal question jurisdiction, Plaintiffs must plead that Defendants have violated some constitutional or statutory provision.

Plaintiffs do not allege facts establishing diversity of citizenship between Plaintiffs and Defendants and, in any event, the amount of damages sought by Plaintiffs does not reach the $75,000 threshold. Plaintiffs also do not allege that their claim against Defendants is based upon the Constitution, laws, or treaties of the United States. Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' Complaint, and must therefore dismiss the Complaint. See Fed. R. Civ. P. 12(h) (court is required to dismiss an action "[w]henever it appears [by suggestion of the parties or otherwise] that the court lacks jurisdiction of the subject matter"); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiffs' Complaint is DISMISSED. Plaintiffs may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiffs are advised that failure to file an amended complaint which cures the deficiencies noted shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 9th day of December, 2011.

_____
ANNA J. BROWN
United States District Judge

5 - ORDER TO DISMISS -